UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-62022-CIV  COOKE/BANDSTRA

EDOUARD HYPPOLITE,

    *Plaintiff*,

v.

CITI RESIDENTIAL LENDING, INC., *et al.*,

    *Defendants*.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court upon the Motion to Dismiss [DE 6] filed by Defendant Citi Residential Lending, Inc. ("Citi"). The Motion has been fully briefed and is ripe for adjudication.

**I. BACKGROUND**

Plaintiff, Edouard Hyppolite, filed his Complaint for recision of his mortgage and damages on December 17, 2008, bringing fourteen counts against Defendant Citi[1]. Of the fourteen counts, four implicate federal acts, and the remaining ten are state-law based claims. It is unnecessary to repeat the precise factual allegations of Plaintiff's Complaint. In general, Plaintiff alleges that Defendant, in the process of providing Plaintiff a mortgage loan, violated the several federal acts, committed fraud and breach of contract. Citi moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to dismiss the federal claims and have this Court decline to extend supplemental jurisdiction over Plaintiff's

---

[1] Plaintiff also named "Does 1-100 and Trustees 1-100" as defendants. However, Plaintiff gives no good indication of who these unnamed defendants are, or why they form a part of this suit. In any event, no Defendant other than Citi has been served and all counts include Citi as defendant.

state-law claims.

## II. STANDARD OF REVIEW

Upon a Rule 12(b)(6) motion the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. This, however, does not give a plaintiff *carte blanche* to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts . . . ." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974.

## III. ANALYSIS

### A. Real Estate Settlement Procedures Act (RESPA)

Count I is for an alleged violation of RESPA, 12 U.S.C. § 2604(c), and 24 C.F.R. § 3500.7(b) and (c) (Regulation X), for failure to provide Plaintiff with a timely and accurate good faith estimate of the amount or range of charges for specific settlement services. Plaintiff seeks damages, as well as attorney's fees and costs.

Count I, as brought under 12 U.S.C. § 2604(c), fails as a matter of law because "there is

no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it." *Collins v. FMHA-USDA,* 105 F.3d 1366, 1368 (11th Cir. 1997). To the extent that Plaintiff raises a claim under 12 U.S.C. § 2605, that claim also fails. The Complaint alleges violations of § 2605(b) and (c). Those sections deal with notice to the borrower at the time the servicing of the loan is transferred. There is no allegation in the Complaint, however, that the loan at issue was ever transferred. Plaintiff's claim that § 2605(a), requiring disclosure at that time of application for the loan that the servicing of the loan may be transferred, was violated is raised for the first time in his Response to the motion to dismiss. Therefore, any claim under § 2605(a) has not been properly pled. Even if it had, Plaintiff has not alleged how the failure to disclose that the loan servicing could be transferred led to the "high settlement charges" Plaintiff claims as damages. *See* 12 U.S.C. § 2605(f)(1)(a) (allowing for recovery of "any actual damages to the borrower *as a result of the failure* . . . .") (emphasis added).

### B. Truth In Lending Act (TILA)

Count II is for an alleged violation of TILA, 15 U.S.C. § 1601 *et seq.*, and 12 C.F.R. § 226 (Regulation Z), for failure to provide certain required disclosures, including, among others, the annual percentage rate for the loan, the finance charges, and the amount financed. Plaintiff further alleges that Defendant inflated his income to qualify for a higher loan amount and that Defendant failed to provide the required HUD-1 Settlement Statement. Plaintiff seeks rescission of the mortgage, damages, fees and costs.

This Count too, fails. Specifically exempted from rescission under TILA are residential mortgage transactions such as the one in this Case. *See* 15 U.S.C. § 1635(e)(1); 12 C.F.R. § 226.23(f). Furthermore, there is a one-year statute of limitations applicable here. "To bring an affirmative action against a creditor for statutory damages, the debtor must bring the action

'within one year from the date of the occurrence of the violation'" *In re Smith,* 737 F.2d 1549, 1552 (11th Cir. 1984) (citing 15 U.S.C. § 1640(e)).  Plaintiff had one year from the date of closing, December 23, 2005, to file his TILA claim but failed to file until December 17, 2008, well beyond the one year period.  Here, dismissal is appropriate because the time-bar is apparent on the face of the Complaint.  *See Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1251 (11th Cir. 2003).  I find no basis for equitable tolling.

### C.  Fair Credit Reporting Act (FCRA)

Plaintiff has not responded to Defendant's argument regarding dismissal of Count VIII, the FCRA claim.  Despite that fact that under Local Rule 7.1C this is likely grounds for dismissal by default of this Count, the Court will briefly address why this claim must also be dismissed on the merits.

Plaintiff alleges that Citi "qualified as [a] provider[] of information to credit reporting agencies under the FCRA" and that Citi made "negative reports on the Plaintiffs' [*sic*] credit report."  Plaintiff claims that he was damaged by Defendant's negligent and willful noncompliance with the FCRA.  Plaintiff has failed to state a claim against Citi under the FCRA.

Violations of the FCRA can be enforced against both consumer reporting agencies and persons or entities who furnish information to consumer reporting agencies.  Here, there are no allegations in the Complaint that Citi is a consumer reporting agency.  Plaintiff has only claimed that Citi furnished information to a credit reporting agency and violated 15 U.S.C. § 1681s-2(b). Under 15 U.S.C. § 1681i(a)(2), "[i]f a consumer provides notice of a dispute to a consumer reporting agency, the agency must within five days notify the furnisher of the disputed information." *Allmond v. Bank of America,* Case No. 3:07-cv-186-J-33JRK, 2008 WL 205320, *7 (M.D. Fla. January 23, 2008).  Therefore, to state a claim under 15 U.S.C. § 1681s-2(b)

Plaintiff was required to at least allege that the requisite notice was given.  Plaintiff has failed to so allege and therefore the Complaint fails to state a claim under 15 U.S.C. § 1681s-2(b).

### D.  Credit Repair Organizations Act (CROA)

Here also, Plaintiff has failed to respond to Defendant's arguments for dismissal of Count XIV, the CROA claim.  And, here again, although dismissal by default of this claim is likely appropriate, the Court will briefly address why Plaintiff fails to state a claim under CROA.

CROA, 15 U.S.C. § 1679 *et seq*., has two stated purposes: "(1) to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services; and (2) to protect the public from unfair or deceptive advertising and business practices by credit repair organizations." 15 U.S.C.  § 1679(b).

Plaintiff has not alleged that Citi is a credit repair organization.  Further, the section relied upon by Plaintiff to create liability, § 1679b(a)(1), was taken out of context.  The Court agrees with the Defendant that CROA was not intended to apply where no credit repair organization, as defined by the Act, was involved.  The United States Bankruptcy Court for the Northern District of Alabama, after a thorough analysis of the statute, came to the following conclusion:

> Section 1679b(a)(1) should be construed within the context of the entire Act, including its codified findings and purposes, not as if § 1679b(a)(1) were a stand-alone statute. When it enacted CROA, the focus of Congress was on the credit repair industry, not enacting a federal cause of action creating liability for every person guilty of making defamatory statements about a consumer's creditworthiness. Remedies for such wrongs are adequately provided for under state tort laws. This Court cannot assume Congress intended to add a federal question cause of action to the dockets of federal courts without some mention of its reasons for doing so in the codified findings and purposes or in the Act's legislative history. The congressional findings, purposes and history only discuss the credit repair industry, nothing more.

> Accordingly, this Court holds liability under CROA is limited to credit repair organizations as defined in § 1679a(3), and persons who are not credit repair organizations but nonetheless are guilty of the practices prohibited by § 1679b(a)(1) in connection with the activities of, or transactions involving a credit repair organization. The codified purposes of CROA are not served by interpreting § 1679b(a)(1) as creating a federal cause of action that can be asserted against any "person" guilty of making an untrue or misleading statement with respect to a consumer's creditworthiness, where the operative facts, such as those in the instant case, do not relate to the credit repair industry or anyone who falls within the definition of a credit repair organization.

*In re Wright,* Bankr. No. 05-40829-JJR-13, 2007 WL 1459475, *11 (Bankr. N.D. Ala. May 16, 2007) (footnote omitted). More recently, the Northern District of Florida came to the same conclusion. *See Lopez v. ML #3, LLC,* Case No. 4:08CV579-RH/WCS, 2009 WL 997015, *4 (N.D. Fla. April 15, 2009) ("In sum, when the Act is considered as a whole and in light of its explicitly stated purposes, it is clear that it applies only in the credit-repair context."). Accordingly, because Plaintiff's Complaint nowhere alleges any involvement or connection to a credit repair organization, Plaintiff fails to state a claim upon which relief can be granted under CROA.

### E.  Remaining state law claims

"[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, having dismissed all federal claims, and noting that Plaintiff has not asserted diversity jurisdiction[2], I decline to exercise supplemental jurisdiction over the Plaintiff's

---

[2]Even had Plaintiff made such an assertion, the Complaint does not support it. "As the Supreme Court has reminded us, 'the Court early in its history wisely adopted a presumption that

state-law claims.

### VI. CONCLUSION

Plaintiff's Complaint [DE 1] is **DISMISSED**.  All pending motions are **DENIED** *as moot*.  The Clerk shall **CLOSE** this Case.

**DONE and ORDERED** in chambers, Miami, Florida, this 24th day of April 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*

---

every federal court is without jurisdiction unless the contrary affirmatively appears from the record.'"  *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986)).  Plaintiff has not alleged that he is a citizen of Florida, nor that any of the unnamed defendants are not citizens of Florida.  *Taylor v. Appleton*,  30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").